In the Matter of the Application for the Discipline of Paul A. LaROCQUE, an Attorney-at-Law of the State of Minnesota.

No. 51267.

Supreme Court of Minnesota.

July 3, 1980.

Michael J. Hoover, Administrative Director on Professional Conduct, Lawyers Professional Responsibility Board, St. Paul, for appellant.

Bailey W. Blethen, Mankato, for respondent.

PER CURIAM.

This case is a petition for disciplinary action against an attorney based upon a stipulation. The stipulation was presented to and accepted by a panel of the Lawyers Professional Responsibility Board. Under the stipulation, the respondent concedes the charges against him, waives all procedural rights, and agrees to the following sanctions: an indefinite suspension with right to apply for reinstatement after 1 year upon proof that he is psychologically fit to practice and that he has met all continuing legal education requirements, with supervision of his practice thereafter by an acceptable member of the bar. A petition for immediate suspension was not filed because the respondent is presently under suspension for failure to fulfill the CLE requirements. We approve the stipulation and order an indefinite suspension.

The respondent is 68 years of age and resides in Tracy, Minnesota. He was admitted to practice in Illinois in 1937 or 1938 and in Minnesota in 1965. It appears that in the last 10 years, respondent's practice has been very limited. During this period of time the respondent has also had marital difficulties. His wife left him on two occasions and recently initiated a dissolution proceeding which is still pending.

Complaints Nos. 1–7 of the petition charge that he has failed to pay state and federal income taxes for the years 1972–78. By the respondent's calculations, he owes more than $32,000 in back taxes plus any interest and penalties. These taxes have not yet been paid and the returns for these years have not yet been filed, but the respondent states that the returns have been prepared and sent to his wife's attorney for signing. He did file a 1979 return and paid the amount due.

Complaint No. 8 states that respondent pled guilty to one count of a three-count federal indictment for failure to pay federal income taxes for 1976. The federal court fined the respondent $10,000 and placed him on 2 years' probation. This fine has not been paid, but the federal probation office has agreed to a delay to allow for the disposition of assets to raise the money. The respondent's actions involving Complaints Nos. 1–8 are alleged to have violated

Minnesota Code of Professional Responsibility, DR 1–102(A)(1) & (6).

Complaint No. 9 states that the Fourth Judicial District Court, on January 28, 1980, entered an order in the respondent's dissolution proceeding assessing against the respondent $2,835 in attorneys' fees and costs as a sanction for requiring "circuitous discovery motions" in order to discover information regarding outstanding tax liabilities. The respondent's actions here are alleged to have violated Minnesota Code of Professional Responsibility, DR 1–102(A)(5) & (6).

The respondent consulted with a psychiatrist with regard to the cause of his problems. The report of the psychiatrist is a part of the record and indicates that respondent's problems are psychological in origin. Following the psychiatrist's report, the following stipulation was entered into:

THIS STIPULATION is entered into this 25th day of April, 1980, by and between MICHAEL J. HOOVER, Administrative Director on Professional Conduct, hereinafter referred to as Petitioner, and PAUL A. LA ROCQUE, hereinafter referred to as Respondent.

WHEREAS, Petitioner has issued a letter of complaint, dated March 25, 1980, hereinafter referred to as the Complaint, and

WHEREAS, Petitioner has advised Respondent and his attorney that Petitioner intends to ask a Panel of the Lawyers Professional Responsibility Board to direct Petitioner to file a Petition seeking the discipline of Respondent, and

WHEREAS, Respondent and his attorney have concluded that it is in the best interests of Respondent to enter into this Stipulation,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows:

* * * * * *

4. Respondent hereby admits that he has committed the serious breaches of ethical conduct as set forth in the Amended Complaint.

5. Respondent expressly waives all rights set forth in Paragraph 3 of this Stipulation, and consents to the filing of the Petition for Disciplinary Action, without further hearing by a Panel, provided that the Panel make the following recommendation to the Supreme Court for discipline of Respondent:

A. That Respondent be suspended from the practice of law for an indefinite period of time.

B. That Respondent be permitted to apply for reinstatement to practice after he has been suspended for a period of one (1) year, provided that he is able to demonstrate, by clear and convincing evidence, that he is psychiatrically and psychologically fit to practice law, that he has complied with all CLE requirements which would normally be imposed upon him had he had [sic] been practicing during the suspension period, and that he is otherwise fit to practice law.

C. That in the event Respondent is reinstated, his practice should then be subject to the supervision of another practicing attorney acceptable to Petitioner and subject to such further conditions as might be ordered by the Court.

* * * * * *

9. Respondent understands and agrees that the Petition for Disciplinary Action and this Stipulation shall become matters of public information from the date of filing thereof in the office of the Clerk of the Minnesota Supreme Court.

10. On the basis of the foregoing, Respondent joins in the request that the Court order discipline in this matter in accordance with the recommendation of the Panel set forth above.

IN WITNESS WHEREOF, the parties to this Stipulation have set their hands on the year and day first written above.

/s/ Michael J. Hoover
MICHAEL J. HOOVER,
Petitioner
Administrative Director
on Professional Conduct
Lawyers Professional
Responsibility Board

/s/ Paul A. LaRocque
PAUL L. LA ROCQUE,
Respondent
/s/ Bailey W. Blethen
BAILEY W. BLETHEN
Attorney for Respondent

The court approves of the terms of the stipulation. Respondent is hereby suspended from the practice of law in Minnesota for an indefinite period of time. Reinstatement will be considered only pursuant to the terms of the stipulation hereinbefore set forth.

Respondent ordered suspended indefinitely.